# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC EHMANN,

     Plaintiff,

  v.         Case No. 25-CV-528

TRANSCONTINENTAL US, LLC,

     Defendant.

## DECISION AND ORDER

Transcontinental US, LLC, served Eric Ehmann with notice that he was required to appear at a deposition at defense counsel's office in Milwaukee. Ehmann now seeks a protective order requiring Transcontinental's deposition be conducted by remote video conference or in the City of Appleton where he resides. (ECF No. 30.) He states that he wrecked his car and does not have access to any other vehicle to be able to travel to Milwaukee for a deposition.

The party noticing a deposition has the privilege of deciding the time and place of the deposition. Fed. R. Civ. P. 30(b)(1); *Chaudhuri v. IBM*, No. 18-cv-508-pp, 2020 U.S. Dist. LEXIS 15290, at *10 (E.D. Wis. Jan. 30, 2020). Deposition by remote means is the exception and is permitted only on the stipulation of the parties or with approval of the court. Fed. R. Civ. P. 30(b)(4); *Simoni v. United Airlines, Inc.*, No. 21-cv-1267, 2023 U.S. Dist. LEXIS 251620, at *3 (N.D. Ill. Aug. 25, 2023). "Courts in this

circuit and elsewhere 'disfavor remote depositions and generally allow them only if the deposed party shows that it would suffer undue hardship in attending the deposition.'" *Simoni*, 2023 U.S. Dist. LEXIS 251620, at *3 (quoting *United States Sec. & Exch. Comm'n v. Skerry*, 2019 WL 117607, at *2 (N.D. Ind. Jan. 7, 2019)). In assessing whether to grant a motion to permit a deposition by remote means, the court balances the parties' respective claims of prejudice or hardship. *See Hanwha Corp. v. Heartland Mach. & Eng'g, LLC*, No. 1:22-cv-01475-JPH-MG, 2024 U.S. Dist. LEXIS 7117, at *3 (S.D. Ind. Jan. 11, 2024) (quoting *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020)).

Ehmann states he lives in Appleton, Wisconsin, and defense counsel's office is more than 100 miles from his home. (ECF No. 31, ¶ 8.)

The 100-mile limit under Fed. R. Civ. P. 45(c) does not apply because Ehmann is a party. He may be compelled to appear anywhere within the state of Wisconsin. Fed. R. Civ. P. 45(c)(1)(B)(i). Nonetheless, the 100-mile rule is commonly used by courts to gauge the burden of requiring a party to travel for a deposition.

Notably, in support of his present motion Ehmann has not provided the court with his home address. The address he provided the court is a mailbox at a UPS Store in Appleton. By the shortest route, that address is 98 miles from defense counsel's office. By the fastest route, it is 103 miles. The only residential address the court has identified in the record as being associated with Ehmann is found on two letters and envelopes he mailed to the court. (ECF Nos. 28; 28-2; 29; 29-2) That address is 95

2

miles away from defense counsel's office by the fastest route. Thus, Ehman has failed to show that the distance is unduly burdensome.

As for Ehmann's alleged lack of access to a vehicle to drive himself to Milwaukee, he acknowledges that his wife owns a car but contends that she needs it for her own use. In his motion to proceed without prepayment of the filing fee (which the court denied), Ehmann reported owning a Chevrolet Camaro (the vehicle he reportedly has since wrecked) and an Alfa Romeo Stelvio. (ECF No. 2 at 3.)

People routinely face similar difficulties in transportation. However, they are expected to find solutions to enable them to comply with their important obligations. Lawsuits are often inconvenient. Litigants routinely are expected to take time off work or call on friends or family to do so in order to enable them to meet their obligations in prosecuting a lawsuit.

Relying on his wife's car is obviously not Ehmann's only option. For example, there is regular low-cost bus service between Appleton and Milwaukee that provides an efficient travel option for Ehmann. In short, if this lawsuit is important to Ehmann, it is not too much to ask that he find a solution to comply with his obligations to prosecute it.

Granted, remote video depositions are now common. But remote means are much more likely to be used to depose secondary witnesses or when the distances or burdens on travel are much greater than those faced by Ehmann. Counsel will routinely demand to conduct depositions of principal witnesses in person. A remote deposition deprives counsel of the ability to view the witness's complete body

language, which many attorneys consider essential to being able to effectively question a witness. *See Crutchfield v. Experian Info. Sols., Inc.*, No. 25 CV 5697, 2025 U.S. Dist. LEXIS 204140, at *4-5 (N.D. Ill. Oct. 16, 2025) ("in terms of the truth-seeking function of a deposition, a remote video deposition is not a substitute for the in-person, face-to-face confrontation between adversaries") (quoting *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23 CV 7331, 2025 U.S. Dist. LEXIS 135820, 2025 WL 1950728, at *2 (S.D.N.Y. July 16, 2025)); *see also Simoni*, 2023 U.S. Dist. LEXIS 251620, at *4.

In a remote deposition counsel can never be sure what other materials a witness may be consulting or who might be just off-screen coaching an answer. *See Crutchfield*, 2025 U.S. Dist. LEXIS 204140, at *4-5; *Simoni*, 2023 U.S. Dist. LEXIS 251620, at *4. Exchanging, viewing, and marking documents is also often difficult. *See Crutchfield*, 2025 U.S. Dist. LEXIS 204140, at *4-5; *Simoni*, 2023 U.S. Dist. LEXIS 251620, at *4. In short, there are many compelling reasons for defense counsel to insist on an in-person deposition of the plaintiff.

Balancing these concerns, requiring Ehmann to appear at defense counsel's office in Milwaukee is not an undue burden, and Ehmann has failed to demonstrate good cause for the court to order that the deposition occur by remote means. To the contrary, the burdens he identifies are routine in lawsuits. Non-party witnesses are routinely expected to travel up to 100 miles to testify in cases they did not bring and have no stake in the outcome of. Many of these witnesses undoubtedly face the same sorts of inconveniences that Ehmann faces. It is hardly unreasonable to expect that

4

Ehmann will travel 95 miles to prosecute the lawsuit that he initiated. Requiring defense counsel to travel to Appleton would be unduly costly from the defendant's perspective in that it would require the defendant to endure the cost of, for example, attorney travel time and room rental.

**IT IS THEREFORE ORDERED** that Eric Ehmann's motion for a protective order (ECF No. 30) is **denied**.

Dated at Green Bay, Wisconsin this 25th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge