# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC EHMANN,

Plaintiff,

v.                                    Case No. 25-CV-528

TRANSCONTINENTAL U.S., LLC,

Defendant.

## ORDER

Eric Ehmann asks the court to compel Transcontinental US, LLC, to answer certain interrogatories. (ECF No. 34.)

Ehmann's motion is **denied**. Transcontinental correctly tallies Ehman as having already tendered the maximum 25 interrogatories under Civil Local Rule 33(a). (ECF No. 36-1 at 8-11.) "The Court will not compel a party to answer any interrogatories served in violation of this rule." Civ. L.R. 33(a)(4). Ehmann has neither complied with the procedure required under Civil Local Rule 33(a)(3) nor demonstrated good cause to expand the number of interrogatories.

Any request for expenses, *see* Fed. R. Civ. P. 37(a)(5)(B), shall be filed within seven days of this order. Ehmann may respond within **14 days** thereafter, and Transcontinental may reply within **seven** days thereafter.

Finally, the court admonishes Ehmann that the abusive and disrespectful language he used in his correspondence with opposing counsel (ECF No. 36-1 at 5, 12) is highly inappropriate. A litigant's pro se status does not excuse him from basic civility. His explanation that he intended the vilest of the emails for his wife is unavailing and unsupported by the language of the email which uses the second person in clear reference to defense counsel. (ECF No. 38-1.)

But Ehman acknowledges he intentionally sent a second email to defense counsel accusing counsel of "unmatched" "incompetence" and characterizing their arguments as beneath "a first year law student," "at least, not a competent one." (ECF No. 36-1 at 12.)

Despite sending these two offensive, abusive, and otherwise highly inappropriate emails to defense counsel, incredibly it is Ehmann who now suggests that if only he were represented by counsel, it would be defense counsel who would likely face sanctions for having brought Ehmann's misconduct to the court's attention. (ECF No. 38, ¶ 2.) Ehmann's contention suggests that he does not appreciate how incredibly inappropriate his conduct was. Any recurrence of similar conduct may result in the court imposing sanctions on Ehmann.

Beyond accepting Ehmann's explanation for the email, Ehmann's motions to file additional documents (ECF Nos. 37, 39) are denied as improper attempts to submit a reply in support of his motion to compel. Finally, Transcontinental's response is not oversized. Any caption and signature block is excluded from the page total. *See* Civ. L.R. 7(f); *Parkland Venture, LLC v. City of Muskego*, No. 09-C-0972,

2010 U.S. Dist. LEXIS 127230, at *3 (E.D. Wis. Nov. 15, 2010). And in any event, when faced with an oversized brief, rather than striking the brief, the court generally will simply disregard content in excess of the page limit.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 6th day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
