# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC EHMANN,

       Plaintiff,

       v.                         Case No. 25-CV-528

TRANSCONTINENTAL US, LLC,

       Defendant.

## ORDER

On April 6, 2026, the court denied Eric Ehmann's motion to compel. (ECF No. 44.) Defendant Transcontinental US, LLC seeks expenses related to that motion. (ECF No. 45.) Ehman asks the court to reconsider its prior decision denying his motion to compel. (ECF No. 48.) He also asks for leave to file additional papers. (ECF No. 51.)

Federal Rule of Civil Procedure 33(a)(1) limits a party to 25 interrogatories, including all discrete subparts. "[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33, Comment to the 1993 Amendment.

Similarly, Civil Local Rule 33(a)(1) reiterates this view when it says, "The 25 permissible interrogatories may not be expanded by the creative use of subparts."

This statement underscores the court's intolerance of any attempt to artfully manipulate clauses or subparts of an interrogatory to expand the number of permitted questions.

Notwithstanding these efforts to make clear that an interrogatory should be a single straightforward question and parties must not play games evade the limit, there is inherent ambiguity in tallying interrogatories, and particularly whether clauses or subparts of an interrogatory are sufficiently discrete to be separately tallied. Although ambiguity could lead to disputes, the reality is that parties nearly always work cooperatively with respect to interrogatories to avoid resorting to motion practice before the court. Courts simply could not function if cooperation was not the norm. For example, if an opponent believes that the proponent's request has exceeded the maximum allotted, counsel will routinely communicate that in writing, outline counsel's position, and invite the proponent to discuss the matter further with the aim of finding a means of agreeing on the best and most efficient means of completing discovery.

That is exactly what counsel for Transcontinental did when counsel calculated Ehmann as having hit the 25-interrogatory limit with his eighth interrogatory. Counsel explained his rationale to Ehmann and offered to discuss the matter further by telephone. (ECF No. 36-1 at 8-11.) Unfortunately, Ehmann's response to this routine communication was the antithesis of a cooperative effort to avoid motion practice. Ehmann responded as follows:

> The level of incompetence I have encountered in this case is perhaps unmatched. Kristi's motion to dismiss was so unbelievably...untethered

> from fact and law...and incompetent...that when I read it I couldn't believe my eyes...but then... The arguments/claims/analyses you made in your letter to me are so bad that I can't believe a first year law student would make them...at least, not a competent one....and much less, a practicing attorney... Granted, I realize that dealing with a pro-se can be frustrating...what's worse though, and believe me because I have experience here...is dealing with incompetent OFFICERS OF THE COURT, aka attorneys.

(ECF No. 36-1 at 12.) Without further conferring with defense counsel, Ehmann filed his motion to compel ten days later. (ECF No. 24.)

Ehmann's motion was superficial, failed to comply with Civil Local Rule 7(a), was devoid of any citation to authority, and baldly asserted that he had not yet proffered 25 interrogatories. And although he sought leave to file additional interrogatories as an alternative, he did not comply with Civil Local Rule 33(a)(3) in making that request. The court, thus, addressed his motion superficially, finding that Intercontinental had correctly tallied Ehmann's interrogatories and therefore denied his motion to compel.

In his present motion, Ehmann simply expands on arguments he could have (and therefore was required to have) made in his initial motion. Ordinarily, rather than rearguing his failed motion, a litigant in Ehmann's position would change tack and seek leave to file additional interrogatories.

Notwithstanding Ehmann's continued failure to comply with Civil Local Rule 33(a)(3), at the end of the day, this is really about whether Ehmann should be permitted to present additional interrogatories.

Ehmann likely could have structured his interrogatories in a manner whereby he would have been able to obtain much of the information he seeks without

3

exceeding the limit of 25. Or he likely could have obtained much of the discovery he seeks through other discovery tools.

The fact that Ehmann inappropriately relied on and crafted his interrogatories may be partly a product of his pro se status. Granted, pro se litigants are held to the same rules as the most experienced attorney. And Ehmann is no average pro se litigant, having filed many cases on his own. But again, when it comes to discovery and there is no material prejudice to the opponent, sometimes the pragmatic must supersede strict and unflinching adherence to the rules. This is not to suggest that the court does not recognize defense counsel's perspective. Ehmann's abusive conduct in this litigation may well have exhausted counsel's store of cooperative goodwill. But this court is ever mindful of the first rule of Federal Civil Procedure which requires that the court apply all other rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

To that end, the court will grant Ehmann leave to proffer additional interrogatories. Within **30 days**, Transcontinental shall, to the extent it has not already done so, respond to all interrogatories set forth in Ehmann's brief in support of his motion for reconsideration (ECF No. 49 at 6-19). This order does not resolve any objection that Transcontinental may have to any interrogatory other than its objection that Ehmann has exceeded the 25 allotted.

Within **30 days** thereafter, Ehmann may, but is not required to, file an amended response to Transcontinental's motion for summary judgment. Any amended response (and supporting materials) must fully take the place of his prior

4

response (and all supporting materials). The court will not accept a mere supplement or any response or portion of response that attempts to incorporate by reference any prior response.

Transcontinental may reply in support of its motion for summary judgment within **15 days** following Ehmann filing an amended response or the deadline for Ehmann to do so.

Ehmann's "Motion for Leave to File Papers" (ECF No. 51) is **granted**.

Transcontinental's motion for expenses (ECF No. 45) is **denied**. Ehmann's motion was substantially justified and other circumstances make the award of expenses unjust.

 **SO ORDERED.**

Dated at Green Bay, Wisconsin this 20th day of May, 2026.

*s/ Byron B. Conway*  
BYRON B. CONWAY  
U.S. District Judge